UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL ERIC BURNSIDE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1476** |
| **UNITED STATES GOVERNMENT** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Defendant the United States Government's ("the Government") Motion to Dismiss for Lack of Jurisdiction.[1] Plaintiff Michael Eric Burnside ("Plaintiff"), acting *pro se*, brings claims against the Government related to alleged "civil medical battery" committed by employees of the New Orleans Veterans Affairs Medical Center. For the reasons stated herein, the Court finds that Plaintiff failed to exhaust the administrative remedies as required under the Federal Tort Claims Act. Considering the motion, the opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On July 18, 2025, *pro se* Plaintiff filed a Complaint in this Court, alleging federal question jurisdiction pursuant to the Fourth Amendment, the Ninth Amendment, and the Tenth Amendment.[2] According to the Complaint, Plaintiff underwent a "Left Heart Catheterization" on July 19, 2024, at the New Orleans Veterans Affairs Medical Center ("VA").[3] The Complaint

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1.

[3] *Id.* at 9–10.

alleges that Dr. Madhur Alpna Roberts and Dr. Anurag Gaddam committed civil medical battery upon Plaintiff on July 19, 2024.[4] The Complaint alleges that the doctors' actions were a violation of Veterans Health Administrative ("VHA") Directive 1039 "Ensuring Correct Surgery and Invasive Procedures," because Plaintiff states that the procedure he was there for was a "diagnostic cardiogram without sedation."[5] Plaintiff appears to dispute the validity of the consent forms provided at the VA.[6]

Upon completion of the procedure, Plaintiff alleges that the sedation nurse administered an additional dose of Fentanyl and Versed, after which Plaintiff was taken to the recovery area.[7] Plaintiff contends that he was unconscious for several hours, and when he awoke, he was unable to stand or walk for several hours, resulting in Plaintiff being admitted to the hospital for an overnight stay.[8]

On November 25, 2025, the Government filed the instant motion.[9] On December 1, 2025, Plaintiff filed an opposition to the motion.[10]

## II. Parties Arguments

### A. The Government's Arguments in Support of the Motion

The Government argues that the instant suit should be dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to file and exhaust a tort claim with the Department of

---

[4] *Id.* at 12–13.

[5] *Id.* at 14.

[6] *Id.* at 18.

[7] *Id.* at 24.

[8] *Id.* at 27.

[9] Rec. Doc. 25.

[10] Rec. Doc. 26.

Veterans Affairs.[11] While Plaintiff contends that his medical malpractice claim is barred by the immunity from suit for intentional torts under 28 U.S.C. § 2680(h), the Government states that an exception for such causes of action in the medical malpractice context is afforded under 38 U.S.C. § 7316.[12] The Government avers that Plaintiff's attempt to characterize the claims as constitutional violations and failure to follow agency regulations is unavailing.[13] The Government asserts that because Plaintiff's medical providers were acting under the scope of their employment with the VA when the alleged incident occurred, and Plaintiff failed to exhaust the requisite administrative remedy under the Federal Tort Claims Act ("FTCA"), the Court lacks jurisdiction over the subject matter.[14]

The Government states that Congress has waived sovereign immunity in cases involving medical care.[15] The Government avers that to the extent that Plaintiff's allegations may be construed to include claims for slander, breach of contract, defamation and disparagement, civil conspiracy, false imprisonment, or other enumerated acts set out in the FTCA, they are excluded from the waiver of sovereign immunity under the FTCA.[16] The Government points out that the Complaint alleges that Dr. Gaddam "generated false electronic health records," and thus, the Court lacks subject matter jurisdiction over this claim as it falls within the exceptions of Section 2680.[17]

The Government argues that to the extent the Complaint seeks to vindicate a statutory right

---

[11] Rec. Doc. 25-1 at 4.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 8.

[16] *Id.* at 9.

[17] *Id.* at 9–10.

or enforce a statutory duty, it fails to state a claim under the FTCA.[18] The Government points out that throughout the Complaint, Plaintiff alleges that employees of the VA broke VHA Directives.[19] According to the Government, the FTCA is not intended to create a new cause of action nor is it a means to enforce a federal statutory duty, rather the FTCA was intended to provide redress for ordinary torts recognized by state law.[20] As it relates to alleged constitutional violations, the Government argues that a complainant cannot convert an FTCA claim into a *Bivens* claim.[21] The Government avers that Plaintiff is afforded the exclusive remedy set out in 38 U.S.C. § 7316 and 28 U.S.C. § 2679.[22]

The Government avers that Plaintiff failed to file a claim for injury or damages with the VA, and thus failed to comply with the administrative exhaustion prerequisite of the FTCA.[23] The Government contends that Plaintiff's failure to exhaust administrative remedies must result in dismissal.[24] While the Complaint states that Plaintiff "diaglou[ed] with various levels of VA administrative officials…[wrote] many emails…attended in-person meetings…[and] filled out two separate VA-OIG web forms," the Government argues that these actions are not equivalent of a presentment of an SF-95 claim under the FTCA statutory procedures.[25] For these reasons, the Government asserts that Plaintiff's medical malpractice claim should be dismissed.[26]

---

[18] *Id.* at 10.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 11.

[22] *Id.* at 12.

[23] *Id.*

[24] *Id.* at 13.

[25] *Id.*

[26] *Id.* at 14.

B. *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff contends this Court does have subject matter jurisdiction, and he has successfully stated a claim against the Government.[27] Plaintiff explains this Court has jurisdiction pursuant to 28 U.S.C. § 1331, with a narrow focus on violations of the Fourth, Ninth, and Tenth Amendments.[28] Plaintiff avers that the Government fails to address the claims specifically pled in the Complaint.[29] Plaintiff states that he never filed a claim under the FTCA.[30] Plaintiff rejects the contention that he intended to assert a medical malpractice claim.[31] Plaintiff rejects the contention that he intended to file a medical battery suit.[32] Plaintiff rejects the Government's contention that he intended to assert a *Bivens* claim.[33] Plaintiff contends that he does not intend to assert a claim against any individual.[34]

As it relates to the Government's argument that Plaintiff failed to execute a SF-95, Plaintiff avers that an SF-95 is not required for a claim under 28 U.S.C. § 1331.[35] Plaintiff explains that he does not seek monetary relief, only equitable relief.[36] Plaintiff rejects the Government's argument that 38 U.S.C. § 7316 is his exclusive remedy.[37] Plaintiff contends that the Government does not

---

[27] Rec. Doc. 26.

[28] Rec. Doc. 26-1 at 1–2.

[29] *Id.* at 2.

[30] *Id.*

[31] *Id.* at 3.

[32] *Id.* at 8.

[33] *Id.* at 4.

[34] *Id.* at 7.

[35] *Id.*

[36] *Id.*

[37] *Id.* at 9.

argue that he failed to state claim.[38] Plaintiff asserts that the Government's motion should be denied.[39]

### III. Legal Standard

Federal courts are courts of limited jurisdiction and cannot adjudicate claims unless the authority to do so is conferred by statute.[40] "Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking."[41] Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[42] Lack of subject matter jurisdiction may be found in any one of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[43] In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.[44]

### IV. Analysis

Plaintiff brings claims against the Government alleging that he was a patient at the VA where physicians performed a medical procedure and administered medication without his consent. Plaintiff characterizes these actions as civil medical battery. The Government moves to dismiss Plaintiff's claims for failure to exhaust administrative remedies.

---

[38] *Id.* at 10.

[39] *Id.* at 11.

[40] *Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *4 (E.D. La. Feb. 5, 2020).

[41] *Id.*

[42] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

[43] *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010).

[44] *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable.[45] This category includes claims that are:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[46]

A claim comes within this jurisdictional grant—and thus is "cognizable" under Section 1346(b)—if it is actionable under Section 1346(b).[47] And a claim is actionable under Section 1346(b) if it alleges the six elements outlined above.[48]

The United States may only be sued to the extent it has waived its sovereign immunity. Thus, to determine whether Plaintiff can maintain this suit against the Government, the Court must first decide whether one of the Government's waivers of sovereign immunity applies. The Federal Tort Claims Act waives sovereign immunity for certain classes of tort claims, including personal injury caused by the negligent or wrongful act or omission of any employee of the Government acting within the scope of his office or employment.[49] However, a plaintiff cannot avail himself of that waiver of sovereign immunity without first exhausting his administrative remedies pursuant to 28 U.S.C. § 2675. Section 2675 requires that a plaintiff must have, before filing a lawsuit, "presented the claim to the appropriate Federal agency and his claim shall have been finally denied

---

[45] *Richards v. United States,* 369 U.S. 1, 6 (1962).

[46] 28 U.S.C. § 1346(b).

[47] *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

[48] *Id.*

[49] *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991).

by the agency in writing and sent by certified or registered mail."[50]

Plaintiff argues that dismissal is improper because (1) he asserts claims for violations of his constitutional rights; and (2) he does not seek monetary damages, only equitable relief. These arguments are unavailing. An FTCA claim may be brought only "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." This means that there is no federal tort law, that the law of the state or territory applies.[51] "The United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."[52] Nor may plaintiffs seek equitable relief based on the alleged violation of their constitutional rights.[53] Therefore, to the extent that Plaintiff asserts constitutional claims, his constitutional claims and request for equitable relief are barred.

The Complaint also alleges that VA employees violated certain VHA directives. However, the FTCA was not intended to serve as a vehicle for private claimants to enforce federal statutory duties.[54] Thus, Plaintiff's attempt to enforce federal statutory duties are unavailing.

Plaintiff also rejects the Government's argument that he intended to assert a *Bivens* claim. A "Bivens action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.[55] The *Bivens* cause

---

[50] 28 U.S.C. § 2675(a).

[51] *West's Federal Administrative Practice* § 903 Conditions governing right to sue the United States (Westlaw, *updated July 2025).*

[52] *Meyer*, 510 U.S. at 478.

[53] *See, e.g.*, *Premier Med. LLC v. U.S. Dep't of Just.*, No. CV 19-1352, 2021 WL 206358, at *5 (W.D La. Jan. 20, 2021) (dismissing plaintiffs' equitable relief claims because equitable relief was not available under the FTCA).

[54] *West's Federal Administrative Practice* § 903 Conditions governing right to sue the United States (Westlaw, *updated July 2025).*

[55] *Stanley v. Gonzales*, 476 F.3d 653 (9th Cir. 2007).

of action provides a remedy rather than substantive rights, and the plaintiff must allege the violation of a recognized constitutionally created right.[56] A prospective plaintiff seeking redress against a federal official for injury has two distinct avenues of relief, either or both of which may be pursued: (1) a common law tort claim against the United States under the Federal Tort Claims Act (FTCA) and (2) a constitutional tort claim against the individual officer under *Bivens*.[57] The nature of the claim is specifically a constitutional tort rather than one derived from the broader category of general tort law.[58] The doctrine allows plaintiffs to vindicate certain constitutionally protected rights through an implied cause of action against federal officials in their individual capacities.[59] Here, while Plaintiff alleges unconstitutional conduct by federal officials, he does not name the federal employees in their individual capacities. *Bivens* relief is unavailable against the United States. Thus, to the extent Plaintiff intended to assert a *Bivens* action, Plaintiff's claims fail.

Plaintiff's allegations arise from medical treatment provided by physicians at a Veterans Affairs medical facility, and Plaintiff asserts that such treatment was performed without consent. Claims alleging medical battery or lack of informed consent constitute tort claims under state law and fall squarely within the scope of the FTCA.[60] To the extent Plaintiff seeks to rely on Section 1331, federal question jurisdiction does not waive the United States' sovereign immunity. Where, as here, the alleged wrongdoing is tortious in nature and committed by federal employees acting within the scope of their employment, the FTCA provides the exclusive remedy.

---

[56] *Jacob v. Curt*, 721 F. Supp. 1536 (D.R.I. 1989).

[57] *Sanchez v. McLain*, 2011 WL 8007577 (S.D. W. Va. 2011).

[58] *Davis v. Passman*, 442 U.S. 228 (1979).

[59] *Chiang v. Skeirik*, 582 F.3d 238 (1st Cir. 2009); *Ibrahim v. U.S.*, 2012 WL 2254199 (E.D. N.Y. 2012).

[60] *See e.g., Applewhite v. Dept. of Veterans Affairs,* 364 F. App'x 97 (5th Cir. 2010); *Hamilton v. Negi*, 2014 WL 1388260 (W.D. La. Mar. 31, 2014).

Plaintiff does not allege that he exhausted his administrative remedies in the Complaint, a prerequisite to a finding that this Court has jurisdiction over his claims. Because exhaustion of administrative remedies is a mandatory jurisdictional requirement under the FTCA, this Court lacks subject matter jurisdiction over Plaintiff's claims.

## V. Conclusion

For the reasons stated herein, Plaintiff's claims sound in tort and fall within the scope of the FTCA, and because Plaintiff failed to exhaust administrative remedies as required by 28 U.S.C. § 2675(a), this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion[61] is **GRANTED**. Plaintiff's claims under the FTCA are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA,** this __25th__ day of February, 2026.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[61] Rec. Doc. 25.